

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LATASHA HOLLOWAY, MOTHER AND NEXT FRIEND
OF ERIC CHAPMAN, A MINOR,

        Plaintiff,

vs.                      CIVIL ACTION NO: 3:19-CV-00039
                          JURY TRIAL DEMANDED

VIRGINIA DEPARTMENT OF EDUCATION, A STATE EDUCATION AGENCY
OF THE COMMONWEALTH OF VIRGINIA, DR. AARON C. SPENCE, DIVISION
SUPERINTENDENT, ATIF QARNI, SECRETARY OF EDUCATION; DR. JAMES
F. LANE; SUPERINTENDENT OF PUBLIC INSTRUCTION; TANIA SOTOMAYOR,
SPECIAL EDUCATION COMPLIANCE OFFICER; THE VIRGINIA BEACH PUBLIC
SCHOOL BOARD; ALISON WILLIAMS, EDUCATOR, CARI HALL, PRINCIPAL
AND MEISHE THIRUS, ASSISTANT PRINCIPAL, employees of the CITY
OF VIRGINIA BEACH PUBLIC SCHOOLS, in their officials capacities.

        Defendants.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
AMERICANS WITH DISABILITES ACT, 42 U.S.C. §1983, §1988
AND TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

### A. Jurisdiction

1. Plaintiff Eric Chapman brings this action for six-million dollars in money damages through the undersigned parent, pursuant to the Fifth and Fourteenth Amendments, Equal Protection and Due Process Clause, 42 U.S.C. § 1983 and § 1988, Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794 and 794 (a) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and Title VI of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §§ 1983 and 1988, Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794 and 794 (a), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., Title VI of the Civil Rights Act of 1964, and the U.S. Constitution and of the Commonwealth of Virginia.

3. This Court possesses proper subject matter and personal jurisdiction over the parties.

4. Venue is appropriate in this district.

5. Defendants are citizens of and reside in Virginia.

6. The acts complained of occurred in Virginia Beach. Plaintiff causes of action arose in the Commonwealth of Virginia.

## Parties

7. Plaintiff Eric Chapman is a six-year old African American citizen of the United States, a resident of Virginia and was a student of Virginia Beach Public Schools.

The defendants are:

8. VIRGINIA DEPARTMENT OF EDUCATION, A STATE EDUCATION AGENCY OF THE COMMONWEALTH OF VIRGINIA,

9. DR. AARON C. SPENCE, PUBLIC SCHOOL DIVISION SUPERINTENDENT,

10. ATIF QARNI, SECRETARY OF EDUCATION;

11. DR. JAMES F. LANE; SUPERINTENDENT OF PUBLIC INSTRUCTION;

12. TANIA SOTOMAYOR, SPECIAL EDUCATION COMPLIANCE OFFICER;

13. **THE VIRGINIA BEACH PUBLIC SCHOOL BOARD,**

14. **ALISON WILLIAMS, TEACHER**

15. **CARI HALL, PRINCIPAL**

16. **MEISHE THIRUS, ASSISTANT PRINCIPAL**

17. All the defendants are sued in their official capacities.

18. At all relevant times, the defendants were and have been acting under the color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Virginia and the City of Virginia Beach.

### B. Facts

19. Eric Chapman is a six year old African American young man with ADHA and a history of learning deficits who has been identified as requiring special instruction to meet his unique learning needs. This action concerns Defendants' knowing, intentional, and abusive unlawful conduct of restraints, seclusion, isolation and assault of E.C. deprived him of life, liberty or property without due process of law.  Throughout much of E.C's school day he suffered mistreatment through the improper use of a "Seclusion room" and/or physical restraints and/or similar form of isolation. Such, mistreatment in which students are physically restrained from leaving the room by closed and/or locked doors, physical holds, prone restraints, or primary restraint techniques are generally in violation of 504 and Title II of the Americans with Disabilities Act (ADA).

20. The Defendants' general use of Seclusions and restraints are used to punish student, or used to control behavior. In the case of E.C., his teachers and other employees of VBPS repeatedly placed E.C. in such seclusion and restraints for the majority of his school day without educational instruction and/or nonintrusive behavior modification methods. In the case of E.C., his teachers and other employees of VBPS routinely used seclusions, physical restraints, physical holds, prone restraints and/or primary restraint techniques generally throughout his school day; not because his behavior posed an imminent danger of injury to himself or others, but simply for convenience of VBPS staff in an attempt to control what they perceived as E.C.'s problematic behaviors, such as withdrawal, leaving his chair during instruction, and becoming noncommunicative. This inappropriate use of seclusion and restraints was done with deliberate indifference to E.C.'s rights, was discriminatory in nature, and deprived E.C. of his constitutional rights to safety, to bodily integrity, a free and public education, to be free of unreasonable and unlawful restraints.

21. As a result of VBPS's failure to provide effective interventions, auxiliary aids, supports and services E.C. and other persons of color and/or students with disabilities VBPS unlawfully excluded from participation in and denied E.C. and

others similarly situated on the basis of their disability; the benefits of the services, programs, or activities of a public entity, and has subjected to discrimination those students with disabilities. 28 C.F.R. § 35.130(a).19

22. 19 Section 504 of the Rehabilitation Act also provides that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …." 29 U.S.C. § 794(a).

23. VBPS unlawfully failed to furnish appropriate auxiliary aids, supports and services to afford E.C. and special education students an equal opportunity to participate in, and enjoy the benefits of Virginia Beach Public Schools service[s], program[s], or activit[ies]." 28 C.F.R. § 35.160(b)(1).

24. VBCPS used harassment, intimidation and abusive behavior towards E.C. based on his disability and adversely created a hostile environment by interfering with or denying a student's participation in or receipt of benefits, services, policies or opportunities in the school's program.

25. Nevertheless, E.C.'s teachers and other School Board personnel isolated, restrained and secluded E.C. for a majority of his school day, every day, locked in a seclusion room or other rooms for being a black male with a disability.  E.C.

would be isolated, secluded and restrained during the entirety of his lunch period.  He also was placed in a isolation, restraint and seclusion during physical education class, recess, and library.

26. In his classroom, E.C. was routinely isolated from his class for convenience and to avoid having to intervene in what teachers referred to as problemed behaviors.

27. At an lEP meeting in April 6, 2017, E.C.'s mother asked for the locations of learning and supports.  Mother requested that positive reinforcements be used to promote learning and encouraged teachers to refrain from demonizing E.C. because he has a disability.

28. E.C.'s mother met with VBPS's on April 5, 2017 and requested additional supportive staff from OPEC and VBPS's to aid in meeting his unique needs. OPEC and VBPS's denied any additional supports for E.C.

29. E.C.'s mother met with VBPS's on April 6, 2017 and requested additional assessments and functional behavioral assessment. VBPS's denied his mother request for the functional behavioral assessment.

30. VBPS failed to notify mother of E.C. of incidents that isolation, seclusion, restraints and assaults.  Mother of E.C. did not give consent to isolation, seclusion, restraints and assaults.

31. VBCPS failed to protect E.C. and provide a free and appropriate education without mistreatment, abuse and discrimination.

32. Mother did not receive notice of any placement changes and isolation, seclusion, restraints and the methods used were not appropriate methods of care or services.

33. VBPS conducted previous assessments that identified E.C.'s learning deficits and supports he required to be successful. However, staff conducting his assessments were not qualified to do so and based on these assessments, it was confirmed that E.C. required special education to meet his unique needs.

34. On June 14, 2017 his teachers and School Board employees reported that they were forced to use physical restraints and seclusions because they could not get in contact with mother or CIT officer. She added that she has never called CIT for any problemed behaviors or incidents involving E.C. Principle and teacher added that E.C. was very redirectable and only required five minutes of intervention to regroup for the remainder of his day.

35. His teachers and other School Board employees explained that the use of the seclusion room was a preventative intervention in lieu of more serious incidents and that there was no documentation of the extent, duration or staff that monitored E.C. while he was in isolation.

36. The principal added that she would be able to obtain this information from the video tapes of the incidents as she had copies of all the footage.

37. E.C.'s mother requested copies of the video tapes of reported isolation, seclusion, restraints on June 13, 14, and 15. However, footage was never provided to mother.

38. Additionally, there are and were no "incident reports" of the many occasions that E.C. was isolated, secluded, restrained, and assaulted.

39. On June 14, 2017 E.C.'s mother addressed teachers and school Board employees about concerns, or any other concerns, that would justify physically holding, restraining or locking E.C. in a room for most of his school day. In fact, "safety" was not an issue with E.C..; rather, his teachers and other School Board employees were isolating, secluding and assaulting E.C. for the purpose of punishment him so that they would not have to address his behaviors (such as dropping to the ground or leaving his seat).

40. School board Employees and other staff did not incorporate less restrictive, and less convenient, means and supports to promote an appropriate educational program.

41. The school Board and other employees failed to report to E.C. parents and other students of color and students of

disabilities about the secret seclusion room, and other systems, notify them of any evaluation or placement actions, allow them to examine their child's records, afford them an impartial hearing with opportunity for parent or guardian participation and representation by counsel, and provide them a review procedure.

42. In any event, the use of isolation, exclusion, seclusion, restraints and assaults were not an appropriate intervention and violated constitutional rights of E.C. He was kept prisoner and withheld the opportunity to a public school education like his peers without disabilities.

43. In failing to provide effective communication, interventions, auxillary aids, supports and services for E.C., other students of color and students with disability, VBPS unlawfully failed to afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service, equal to that afforded others." 28 C.F.R. § 35.130(b)(1)(ii).

44. In failing to provide effective communication, interventions, auxillary aids, supports and services for E.C., other students of color, and students with disabilities, VBPS unlawfully failed to provide a qualified individual with a disability with an aid, benefit, or service that is… as effective in affording equal opportunity to obtain the same

result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. §35.130(b)(1)(iii).

45. In failing to provide effective communication, interventions, auxillary aids, supports and services for E.C., other students of color and students with disabilities, VBPS unlawfully failed to provide a qualified individual with a disability the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities. 28 C.F.R. § 35.130(b)(2).

46. E.C., students of color and other students with disabilities to segregated instructional settings, subjected them to settings with no instruction at all, applying low academic expectations, and failing to ensure they have the opportunity to reach their highest potential, VBPS unlawfully carried out practices that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability, and that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of VBPS, which include becoming a diverse and inclusive school community, committed to academic excellence and integrity, being responsive to each student, in collaboration with families and the community, and to

instill a love of learning in its students and prepare them to be responsible and productive global citizens. 28 C.F.R. § 35.130(b)(3)(i), (ii).

47. In failing to provide effective communication, interventions, auxillary aids, supports and services for E.C., other students of color and students with disabilities, VBPS unlawfully failed to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(7).

48. In failing to allow individuals with disabilities to attend general education classes and activities and to otherwise provide access to the same opportunities, programs, and services as students without disabilities, VBPS imposed or applied eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity.

49. Students with disabilities were singled out and subjected to cruel and unusual punishment due to characteristics of their disability. Defendants most commonly subjected only students of color with disabilities, like E.C. to seclusion, restraint and mistreatment. 28 C.F.R. § 35.130(b)(8).

50. E.C., other students of color and other students with disabilities were segregated outside of instructional settings without addressing their needs individually, VBPS failed to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities. 28 C.F.R. § 35.130(d); see also Olmstead, 527 U.S. at 600 (unjustified institutional isolation of persons with disabilities is a form of discrimination). In short, and as explained in greater detail below, VBPS's failure to provide E.C, other students of color and students with disabilities with the auxiliary aids and services, supports and interventions they need to effectively communicate, and to provide them with equal educational opportunities, has deprived E.C.and others similarly situated of the education to which they are legally entitled as Virginia residents.

51. These actions and omissions by VBPS's discriminate against E.C. and others similarly situated and violate their civil rights.

52. Because VBPS's actions and omissions are unlawful, discriminatory, and harmful, Complainants seek the U.S. Department of Justice's immediate intervention to enforce VBPS's compliance with the ADA.

53. Because his parents were unhappy with VBPS's use of restraints and seclusion on E.C., they formally withdrew him as a student from VBPS as of September 9, 2017, and he has been thereafter attending private placement.

## C. COUNT I
### VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(#54,55,56 57)

54. On the basis of the foregoing facts, the Defendants "collectively" has violated Plaintiff's constitutional rights or failed to prevent such violations and appropriately identify, locate and evaluate Eric Chapman and those similarly situated students who need special education services in violation of the plaintiff rights secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794 and 794 (a) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., Title VI of the Civil Rights Act of 1964, and the Commonwealth of Virginia.

55. On the basis of the foregoing facts, the Defendants Williams and Hall, knowingly, deprived the Plaintiff equal protection by reason Chapman was physically assaulted or abused by Williams, permitted by Hall and Thirus without Chapman parent's knowledge or consent, in violation of the rights of plaintiff secured by the Fifth and Fourteenth Amendments, 504/ADA/IEP.

56. On the basis of the foregoing facts, the Defendants discriminated against plaintiff by reason his disability adversely affect his educational performance, such as "ADAH" autism and episodic condition, in violation of the rights of plaintiff secured by the Fourteenth Amendment, 504/ADA/IEP.

57. On the basis of the foregoing facts, the Defendants "collectively" or individually was complicit or allowed the plaintiff to be violently placed in a locked dark closet repeatedly, separating or segregating him from his class, by Williams, thus depriving him educational opportunities by reason of his disability in violation of the rights of plaintiff secured by the Fourteenth Amendment, 504/ADA/IEP.

### (D) COUNT II

**VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT, 504/ADA/IEP**

58. On the basis of the foregoing facts, the Defendants was complicit in depriving plaintiff his right to a due process hearing to address being physically assaulted or bused by reason the abuse was part of his disability and defendants could not provide the requested relief in violation of the rights of plaintiff secured by the Fifth and Fourteenth Amendments to the U.S. Constitution, Title VI of the Civil Rights Act of 1964, 504/ADA/IEP. Included but not limited thereto.

### (E) COUNT III

**VIOLATIONS OF RIGHTS SECURED BY TITLE VI OF THE CIVIL RIGHTS ACT of 1964, 504/ADA/IEP AND OF THE FOURTEENTH AMENDMENT**

59. Plaintiff hereby incorporate by reference in Count I, II and III each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

60. On the basis of the foregoing facts, the Defendants knew or should have known, the plaintiff has a disability "ADHA" that require Special Ed, Chapman was deprived that access and physically assaulted or abused by Williams in violation of the plaintiff's rights secured by the Fifth and Fourteenth Amendments, Title VI of the Civil Rights Act of 1964, 504/ADA/IEP. See: Exhibit(s) (A) "Video" Attached. Oct. 27, 2017 Pilotonline Article & Oct. 24, 2017, WAVY-TV 10 NEWS REPORTS HEREIN IN SUPPORT.

https://pilotonline.com/news/local/education/public-schools/article_3afa37ec-7447-5d05-99e2-4c4dfc8071b7.html

https://www.youtube.com/watch?v=6iXuOxudMLc&t=19s

### Relief

WHEREFORE, plaintiff prays that this Court set this matter down for a hearing and upon such hearing.

(a) Declare pursuant to 28 U.S.C. § 2201 and 2202 that Defendants has violated Plaintiff's constitutional rights or failed to prevent such violations and appropriately identify, locate and evaluate Eric Chapman and those similarly situated

students who need special education services in violation of the plaintiff rights secured by the Fifth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794 and 794 (a) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., Title VI of the Civil Rights Act of 1964, United States Constitution and Constitution of the Commonwealth of Virginia.

(b) Grant preliminary and permanent injunctive relief restraining and enjoining the defendants, their officers, agents, employees, attorneys, successors in office, and all persons in active concert and participation with them, from discriminating against plaintiff or interfering with his rights by reason his disability adversely affect his educational performance, such as "ADAH" autism and episodic condition, with a remedy for the above-stated violations of plaintiff rights secured by the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1988, Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794 and 794 (a) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and Title VI of the Civil Rights Act of 1964.

(c) Order Defendants to fully comply with the Constitution, Title II of the Americans with Disabilities Act (ADA), and Title VI of the Civil Rights Act of 1964, 504/IEP and laws.

(d) Plaintiff does hereby give notice for leave to file an amended complaint pursuant to [F.R.C.P.] and supplementary pleadings and, request competent legal counsel be timely appointed pursuant to applicable [F.R.C.P.] to assist in the preparation of any further responsive pleadings, affidavits, briefs, discovery, etc., on the ground that plaintiff lacks the financial capability to investigate the critical issues that are so complex that, as a *pro se* litigate, he can not reasonably be required to present this case with any effectiveness that legal assistance is necessary and in the interest justice for the fair presentation of a proper case to the Court.

(e) Grant plaintiff the requested damages for emotional hurt, pain and suffering and injury, their court cost, necessary expenses of the litigation, and reasonable attorneys' fees as provided by 42 U.S.C. § 1973 1(e) and § 1988.

(f) Grant plaintiff such other relief as may be just and equitable.

January 14, 2019

*[signature]*

MS. LATASHA HOLLOWAY,
MOTHER AND NEXT FRIEND
OF ERIC CHAPMAN, A MINOR,
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456